# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DONNA ZARBO,**

        **Plaintiff,**

v.                                                           **Case No: 6:24-cv-1439-PGB-DCI**

**TRACTOR SUPPLY COMPANY,**

        **Defendant.**

_____/

## ORDER

This cause comes before the Court upon Plaintiff Donna Zarbo's ("**Plaintiff**") Amended Motion for Relief from Order and Motion to Reopen Case. (Doc. 35 (the "**Amended Motion**")). The Court does not require additional briefing from Defendant Tractor Supply Company ("**Defendant**") regarding the issues raised in the Amended Motion.[1] Upon careful consideration, the Motion is due to be granted.

---

[1] Plaintiff filed her initial Motion for Relief from Order and Motion to Reopen Case (Doc. 33 (the "**Initial Motion**")) on October 18, 2024. Defendant filed its Response in Partial Support of the Initial Motion (Doc. 34 (the "**Response**")) three days later. In the Response, Defendant noted Plaintiff's Initial Motion failed to contain a Local Rule 3.01(g) Certification. (*Id.* at pp. 11–12 n.1). Defendant asked the Court not to deny Plaintiff's requested relief on this basis, explaining that the parties had conferred that same morning and that Plaintiff would be filing an amended motion with the required certification "shortly." (*Id.*). The Amended Motion was filed later the same day and appears to be identical to the Initial Motion, aside from Plaintiff's inclusion of the required Local Rule 3.01(g) Certification. (*Compare* Doc. 33 *with* Doc. 35). Consequently, Defendant has already briefed its position regarding the relief requested in the Amended Motion, and the Court thus relies upon Defendant's Response to the Initial Motion in ruling here.

I.  **BACKGROUND**

This case has now twice been dismissed for Plaintiff's failure to comply with Orders of this Court. Plaintiff's claims were initially brought in state court and were removed to this Court in 6:23-cv-678-PGB-RMN (the "**2023 case**"). In the 2023 case, the Court entered multiple Orders to Show Cause directed to Plaintiff for Plaintiff's failure to comply with the Court's Orders. (*See* Doc. 34, pp. 2–3). The 2023 case was ultimately dismissed without prejudice after Plaintiff failed to timely respond to the third Order to Show Cause, which addressed Plaintiff's failure to file a notice of mediation in compliance with the Case Management and Scheduling Order ("**CMSO**"). (*See id.*).

Plaintiff re-filed Plaintiff's lawsuit in state court and, on August 5, 2024, Defendant again removed the case to this Court, giving rise to the instant action. (Doc. 1). The next day, the case was reassigned to the undersigned Judge. (Doc. 8). The Court has since issued two Orders to Show Cause regarding Plaintiff's violations of the Court's Orders. (Docs. 14, 28). The instant case was dismissed without prejudice after Plaintiff once again failed to timely respond to the Court's second Order to Show Cause (Doc. 28 (the "**Final Order to Show Cause**")), which addressed Plaintiff's failure to file a notice of mediation in compliance with the CMSO. (Doc. 31 (the "**Dismissal Order**")).

Now, Plaintiff asks the Court to reconsider its Dismissal Order and reopen the case. (Doc. 35). In its Response, Defendant also requests that the Court reopen

2

the case, but additionally asks that the Court issue a "strong warning" emphasizing that any future dismissal will be *with prejudice*.[2] (Doc. 34, p. 11).

## II.  LEGAL STANDARD

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion typically arises under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) allows a court to relieve a party from an order or judgment on the following grounds: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; [or] (5) the judgment has been satisfied, released, or discharged." FED. R. CIV. P. 60(b)(1)–(5). In addition, acting as a catchall, a party may file a motion "within a reasonable time" after the challenged judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

## III.  DISCUSSION

In the Amended Motion, Plaintiff argues that Plaintiff's failure to timely respond to the Court's final Order to Show Cause was the result of excusable neglect. (Doc. 35, pp. 2–3). Defendant agrees. (Doc. 34, p. 1).

---

[2]  To the extent that Defendant also asks the Court to warn Plaintiff that any subsequent dismissal of this case will involve "serious monetary sanctions issued against Plaintiff," the Court declines to issue such a warning at this time. (Doc. 34, p. 11).

3

While both parties raise Plaintiff's counsel's inexperience in federal court in support of excusable neglect, this argument fails. (Doc. 35, p. 4; Doc. 34, pp. 1–2). The context here is important, as the 2023 case was previously dismissed on identical grounds as the instant case. Thus, despite Plaintiff's counsel's general inexperience in federal court, Plaintiff's counsel should be exceedingly familiar with the Court's expectations regarding filing notices of mediation.

Nonetheless, the Court does find excusable neglect here. *See* FED. R. CIV. P. 60(b)(1). Plaintiff attaches e-mails to the Amended Motion demonstrating that, within four days of the Court's entry of the Final Order to Show Cause, Plaintiff had cleared a mediation date with both Defendant and the mediator.[3] (Doc. 35, pp. 9–19). Plaintiff was awaiting confirmation that the mediator had completed a conflict check prior to Plaintiff filing a notice of mediation with the Court. (*Id.* at pp. 2–3). However, Plaintiff's counsel failed to follow up with the mediator as required to timely respond to the Court's Final Order to Show Cause. (*Id.* at p. 3). During this time, Hurricane Milton arrived in Florida, which caused Plaintiff's counsel to lose power for multiple days and prevented Plaintiff's legal team from entering their office building. (*Id.*). According to Plaintiff's counsel, Hurricane Milton caused Plaintiff's counsel and staff to become "behind on scheduling,

---

[3] The Court advises Plaintiff that, in all future motions containing exhibits, such exhibits shall be filed as separate attachments, rather than in the body of the motion. Including exhibits within the body of a motion makes it difficult for the Court to review and cite to the motion and its exhibits. This practice can also cause a motion to exceed the page limits set forth in Local Rule 3.01(a).

particularly due to the changes in schedules throughout the weeks of the storms."[4] (*Id.*).

Under the circumstances, the Court finds that Plaintiff's failure to timely respond to the Court's Final Order to Show Cause was the result of excusable neglect. *See* FED. R. CIV. P. 60(b)(1). Accordingly, the Amended Motion is due to be granted. However, as set forth above, Plaintiff has demonstrated a pattern of noncompliance with the Court's Orders. (*E.g.*, Docs. 14, 28, 31). Consequently, the Court cautions Plaintiff that future violation(s) of the Court's Orders may result in dismissal of the case *with prejudice* without further notice.

## IV. CONCLUSION

As a result of the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. Plaintiff's Amended Motion for Relief from Order and Motion to Reopen Case (Doc. 35) is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to vacate the Court's Order dismissing the case without prejudice (Doc. 31) and thereafter reopen the file.

3. Plaintiff is cautioned that future violation(s) of the Court's Orders may result in dismissal of the case *with prejudice* without further notice.

4. Plaintiff shall file a notice of mediation on or before **October 30, 2024**.

---

[4] The Amended Motion implies the advent of additional hurricane(s) during the relevant time period. (Doc. 35, p. 3). The Court notes that Hurricane Helene impacted central Florida in the days preceding the issuance of the Final Order to Show Cause.

5

**DONE AND ORDERED** in Orlando, Florida on October 23, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties