**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DONNA ZARBO,**

        **Plaintiff,**

**v.**                                                             **Case No: 6:24-cv-1439-PGB-DCI**

**TRACTOR SUPPLY COMPANY,**

        **Defendant.**

## ORDER

Pending before the Court is Defendant's Motion to Prohibit Plaintiff from Calling Any Expert Witness. Doc. 43 (the Motion). Pursuant to the Case Management Scheduling Order (CMSO), the deadline for Plaintiff to disclose expert reports was June 2, 2025. Doc. 24.[1] Defendant represents that it "sought to obtain Plaintiff's disclosures" but Plaintiff did not respond and the time for doing so elapsed. Doc. 43 at 1. Defendant does not identify in the Motion any specific witness the Court should prohibit Plaintiff from calling as an expert but argues that courts routinely strike expert reports or exclude expert testimony when there is not a timely disclosure and the Court should, therefore, strike "Plaintiff's witnesses pursuant to Federal Rules of Evidence 702, 703, or 705." *Id*. at 1, 2. Defendant also moves for the Court to "order Plaintiff to pay a reasonable sanction of costs and attorney's fees." *Id*. at 1.

---

[1] The Court provides that the June 2, 2025 deadline encompasses "experts as defined by Federal Rule of Civil Procedure 26(a)(2)(C)." Doc. 24 at 1 n.1. Disclosures for a non-retained expert—a witness who does not have to provide a report—must still set forth: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C).

Even though Plaintiff has not responded to the Motion and, therefore, it may be deemed unopposed (*see* Local Rule 3.01(c)), Defendant is not entitled to relief because it has not established that the Court should strike unnamed experts who have not been disclosed. On July 1, 2025, the Court conducted a hearing on the Motion and addressed the propriety of striking or prohibiting experts across the board when a plaintiff fails to disclose reports or witnesses in compliance with a CMSO deadline. *See* Doc. 24 at 1 at n.1. At the conclusion of the hearing, the Court invited either party to file Plaintiff's Initial Disclosures to help the Court determine if there are any experts who might be the target of the requested relief[2] and directed Defendant to file supplemental authority in support of the request for the Court to enter a generic order prohibiting Plaintiff from calling any expert witness at trial.

Both parties have filed Plaintiff's Initial Disclosures and Defendant has filed a notice of supplement authority (Docs. 54, 58) and, upon review, the Court is not convinced that there is a legal basis to grant the Motion. Since Plaintiff did not disclose any person who might offer an expert opinion at any point during this litigation (*see* Doc. 54),[3] relief from the Court at this juncture appears unnecessary. *See* Fed.R.Civ.P. 26(a)(2). Put simply, Plaintiff did not disclose an expert witness, so Plaintiff cannot rely on expert witness testimony at trial. No expert witness was disclosed, so there is no expert witness to strike. *See* Fed.R.Civ.P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not

---

[2] Federal Rule of Civil Procedure 26(a)(1)(i) does not mention experts *per se*, but parties often disclose a named individual as a person likely to have discoverable information and that person is also later disclosed as a witness who might offer expert testimony.

[3] At the hearing, the Court raised the question of whether Plaintiff disclosed any treating physicians within the Initial Disclosures, but Plaintiff's counsel was unsure of the answer. Plaintiff's Initial Disclosures are now before the Court and, with respect to individuals likely to have discoverable information, Plaintiff lists herself, Vincent "Jim" Zarbo, and only *entities* described as "Treating physician(s) & Records Custodian." Docs. 54 at 1 to 2; 58-1 at 1 to 2.

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also Hewitt v. Liberty Mut. Grp.*, Inc., 268 F.R.D. 681, 682 (M.D. Fla. 2010) ("To this end, Rule 37(c)(1) provides a self-executing sanction for untimely expert reports."). Further, Plaintiff disclosed no expert, so there is, of course, no basis to find that a disclosure is substantially harmless or justified. Regardless, because Plaintiff failed to timely respond to the Motion, there is no argument before the Court that any failure to disclose was substantially justified or harmless.

The only authority cited by Defendant for the relief requested—a generic order striking all undisclosed experts—is an order where a judge in this district granted a motion to prohibit a plaintiff from calling *any* expert witness, but the judge deemed the underlying motion unopposed and ruled via endorsed order with no substantive analysis on the issue. Doc. 58-2 at 1. The endorsed order, without more, does not persuade the Court that the relief requested is warranted here.

Finally, since it does not appear that Defendant needed to file the Motion to accomplish the desired result—that Plaintiff be prohibited from using non-disclosed experts—the Court will not grant Defendant's request for attorney fees and costs.

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 43) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on July 21, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties